**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10182 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-03393-JAS-LCK-1 |
| v. | |
| SOPHIA ARIANNA MORENO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted April 18, 2023**
Phoenix, Arizona

Before: OWENS and BADE, Circuit Judges, and BAKER,*** International Trade Judge.

Sophia Moreno appeals from the district court's judgment following her

conditional guilty plea to conspiracy to transport, for profit, noncitizens who have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

entered or remain in the United States unlawfully, in violation of 8 U.S.C. § 1324. Moreno contends that the district court, in adopting the magistrate judge's report and recommendation, erred in denying her motion to suppress evidence after finding that a border patrol agent had reasonable suspicion to stop her vehicle. We review reasonable suspicion determinations de novo and any underlying factual findings for clear error. *United States v. Bontemps*, 977 F.3d 909, 913 (9th Cir. 2020). Because this de novo review is "slightly more circumscribed than usual," we "defer to the inferences drawn by the district court and the officers on the scene, not just the district court's factual findings." *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (en banc). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Border patrol officers may conduct "brief investigatory stops without violating the Fourth Amendment if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *Id.* at 1078 (internal quotation marks and citation omitted). To determine whether an officer had reasonable suspicion, we look at the "totality of the circumstances." *Id.* (citation omitted). In a border context, such as here, the totality of the circumstances may include factors such as the "characteristics of the area, proximity to the border, usual patterns of traffic and time of day, previous alien or drug smuggling in the area, behavior of the driver, appearance or behavior of passengers, and the model

and appearance of the vehicle." *Id.* at 1079.

Applying these standards, the border patrol agent had reasonable suspicion to conduct the vehicle stop. The stop occurred about forty-five miles from the border on a route commonly used by smugglers. *See id.* at 1078-80 (finding reasonable suspicion, in part, because the stop was seventy miles north of the United States–Mexico border along a route commonly used by smugglers). The checkpoint located on the route was also closed due to rain, which, according to the agent, usually results in an uptick in smuggling cases. Although the district court relied on this factor without first determining whether a smuggling operation would have had time to respond to the checkpoint's closure, we "defer to the inferences drawn by the district court and the officers on the scene." *Id.* at 1077. Further, the agent observed Moreno driving closely behind another agent's vehicle that was pursuing another car on an otherwise empty highway, which is contrary to the behavior of "a typical driver [who] would give a law enforcement vehicle space." *See United States v. Diaz-Juarez*, 299 F.3d 1138, 1142 (9th Cir. 2002) (finding reasonable suspicion based on a driver's "unusual car and driving behavior"). Finally, the agent received notice of a Treasury Enforcement Communications System ("TECS") alert attached to Moreno and her vehicle for previous smuggling activity just two weeks prior. *See United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc) (finding reasonable suspicion based on

a TECS alert).

The district court also did not clearly err in making these factual determinations. The district court adopted the magistrate judge's report and recommendation, which had relied on the agent's testimony after finding him credible and "quite knowledgeable about alien smuggling investigations." Although Moreno contends that the district court clearly erred in relying on the agent's mistaken assumption about the fastest route to Green Valley, the mistake was not unreasonable given that the discrepancy between the two routes was only two minutes. *See United States v. Dorais*, 241 F.3d 1124, 1127, 1130-31 (9th Cir. 2001) (finding the police's mistake that a rental car was overdue reasonable, even though the car was not due for about another eight hours).

Even if we were to find the other factors that Moreno challenged in her brief less probative than the district court did, the totality of the circumstances still supports a finding of reasonable suspicion. *See United States v. Arvizu*, 534 U.S. 266, 274 (2002) (holding that the reasonable suspicion analysis precludes a "divide-and-conquer" approach in which the court gives no weight to a factor that is "by itself readily susceptible to an innocent explanation"). Thus, we affirm the district court's denial of the motion to suppress.

**AFFIRMED**.